PER CURIAM.
On November 3, 1994, this Court promulgated for comment a proposed new disciplinary rule under the authority of article V, sections 2 and 15, of the Florida Constitution, to provide for sanctions for attorneys who fail to meet child support obligations. As we stated in that order, such an amendment would make the treatment of attorneys who fail to pay child support consistent with the treatment of other professionals who fail to pay child support, in accordance with the provisions of section 61.13015, Florida Statutes (1993). That section provides for the suspension or denial of a professional license due to delinquent child support payments after all other available remedies for the collection of child support have been exhausted. Having now received and considered comments from interested persons, we hereby adopt the following new disciplinary rule:
RULE 4-8.4 MISCONDUCT. A lawyer shall not:
[[Image here]]
(h) willfully refuse, as determined by a court of competent jurisdiction, to timely pay a child support obligation.
Comment
[[Image here]]
Subdivision (h) of this rule was added to make consistent the treatment of attorneys who fail to pay child support with the treatment of other professionals who fail to pay child support, in accordance with the provisions of section 61.13015, Florida Statutes (1993). That section provides for the suspension or denial of a professional license due to delinquent child support payments after all other available remedies for the collection of child support have been exhausted. Likewise, subdivision (h) of this rule should not be used as the primary means for collecting child support, but should be used only after all other available remedies for the collection of child support have been exhausted. Before a grievance may be filed or a grievance procedure initiated under this subdivision, the court that entered the child support order must first make a finding of willful refusal to pay. The child support obligation at issue under this rule includes both domestic (Florida) and out-of-state (URESA) child support obligations, as well as arrearages.
Accordingly, the Rules Regulating The Florida Bar are hereby amended as reflected herein. The committee comments are included for explanation and guidance only and are not adopted as an official part of the rules. The new rule will take effect upon the release of this opinion. The filing of a petition for rehearing will not modify the effective date of the rule change.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.